Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Tom E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN SLOATMAN, III and KATHRYN THYNE,<br><br>Plaintiff,<br><br>v.<br><br>USAA SAVINGS BANK, and DOES 1-10, inclusive, and each of them,<br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

1. JOHN SLOATMAN, III and KATHRYN THYNE ("Plaintiffs") bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of USAA SAVINGS BANK ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own

acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. Additionally, this is an action for damages brought by Plaintiff for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA")Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "FDCPA"), Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785, *et seq.* (hereinafter "CAFCRA"), and the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (hereinafter "FCRA").

3. The TCPA was designed to prevent calls and/or text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12.

5. Congress also specifically found that "the evidence presented to the

Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiffs' TCPA FDCPA, CAFCRA, and FCRA claims because this cause of action arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Plaintiffs reside within the County of Los Angeles, State of California.

## PARTIES

8. Plaintiffs are, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, company engaged, by use of the mails or telephone, in the business of collecting a debt from Plaintiffs. Defendant, is and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153 (10). Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

10. Plaintiffs are natural persons residing in Los Angeles County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h).

11. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f).

COMPLAINT - 3

Defendant, by attempting to collect debts owed, regularly attempts to collect debts alleged to be due to itself and/or another, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). *See In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.,* No. 10-MD-02193-RWZ, 2011 WL 2637222, at *6 (D.Mass. July 6, 2011); *cf. Reyes v. Wells Fargo Bank, N.A.,* No. C-10-01667JCS, 2011 WL 30759, at *20 (N.D.Cal. Jan. 3, 2011).

## FACTUAL ALLEGATIONS

12. At various and multiple times prior to the filing on the instant complaint, including within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

13. Throughout the early half of 2016, Defendant called Plaintiffs regarding an alleged debt owed. Defendant called Plaintiff with such frequency and regularity that it constitutes harassment under the circumstances.

14. In one of Defendant's initial phone calls, Plaintiffs told Defendants to cease calling and to communicate with them in writing only. Despite this, Defendants continued to call.

15. The calls Defendant placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

16. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

17. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

18. These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

19. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

20. As a result of Defendant's actions, Plaintiffs retained counsel. A notice of representation was sent to Defendant on June 3, 2016. Defendant has failed to respond favorably, if at all, to this letter as of present.

21. Further, in or around July 2016, Defendant began reporting derogatory information on Plaintiffs' credit report. Defendants claim that Plaintiffs owe a debt from ten (10) years ago that had in fact been forgiven years ago.

22. Plaintiffs submitted disputes to Defendant in or about July 2016 relating to the inaccurate reporting concerning their account with Defendant, however, Defendant failed to conduct a reasonable investigation and correct the reporting.

23. In or around June 2018, Plaintiffs discovered that despite their multiple disputes, Defendant was still reporting the inaccurate derogatory information.

24. Such derogatory information was false, misleading, or incomplete.

25. Defendant failed to reasonably reinvestigate and permitted the erroneous derogatory information on Plaintiff's consumer credit report.

26. This reporting had a severely negative effect on Plaintiffs' credit score.

27. Plaintiffs disputed in writing the reporting with Defendant, but Defendant refused to cease furnishing the erroneous information to the credit reporting agencies. Furthermore, Defendant refused to properly validate the information and instead, falsely reported it. As of the time of the filing of this Complaint or within two years, Defendant have continued to report erroneously and derogatorily on Plaintiffs' credit report despite their request for correction.

28. Defendant are aware that the third parties to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

29. As a result of Defendant' inaccurate reporting of Plaintiffs' accounts, Plaintiffs' credit score decreased. Plaintiffs have and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiffs' credit report.

30. The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor and Plaintiffs' credit worthiness.

31. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

32. Plaintiffs have been damaged, and continue to be damaged, in the following ways:

    a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    b. Decreased credit score which may result in inability to obtain credit on future attempts; and

    c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

33. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

34. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful,

reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

35. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681i:

    a. Willfully and negligently failing to reinvestigate and properly respond to Plaintiff's dispute such that Defendant disseminated inaccurate and derogatory credit, account and other information concerning the Plaintiff despite knowing that said information was inaccurate

36. Similarly, Defendant violated Cal. Civ. C. § 1785.16 by failing to reasonably reinvestigate and correct the inaccurate and false information on Plaintiffs' credit report after receiving a dispute from Plaintiff.

37. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant are liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

38. As a result of the above violations of the FCRA and CCRA, Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant are liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

43. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

46. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiffs reincorporate by reference all of the preceding paragraphs.

48. Defendant's conduct constitutes numerous violations of the RFDCPA, including but not limited to:

    a. Defendant violated the §1788.11(d) of the RFDCPA by causing Plaintiffs' telephone to ring repeatedly or continuously to annoy the person called.

Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*. to wit: Sections 1692d, 1692d(5), 1692c(c).

### FOURTH CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiffs reincorporate by reference all of the preceding paragraphs.

50. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### FIFTH CAUSE OF ACTION:
### VIOLATIONS OF CIVIL CODE §1785 ET SEQ
### (CONSUMER CREDIT REPORTING AGENCIES ACT)

51. Plaintiffs include by reference all of the aforementioned paragraphs as if fully set forth herein.

52. To the extent that Defendant' actions, counted above, violated the CCRA, those actions were done knowingly and willfully.

53. Based on these violations of Civil Code § 1785.16, Plaintiffs is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

///

///

## SIXTH CAUSE OF ACTION
## VIOLATIONS OF 15 U.S.C. §1681 ET SEQ
## (FAIR CREDIT REPORTING ACT)

54. Plaintiffs reincorporate by reference all of the preceding paragraphs.

55. Defendant's false and inaccurate reporting of information to consumer credit reporting agencies constitutes one or more violations of 15 U.S.C. §1681, et seq.

56. Despite Plaintiffs' efforts to date, Defendant nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, failed to remove the inaccurate information in a timely fashion, failed to note the disputed status of the inaccurate information and continued to report the derogatory inaccurate information about Plaintiffs.

57. Plaintiffs have been damaged, and continue to be damaged, in the following ways:

   a. Denial of credit by at least one lender;
   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;
   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   d. Decreased credit score which may result in inability to obtain credit on future attempts.

58. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

59. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful,

reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

60. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;
   b. Willfully and negligently failing to review all relevant information concerning Plaintiffs' account provided to this Defendant;
   c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;
   d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;
   e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

61. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

62. Further, Defendant failed to notify Plaintiffs of their intention to report negative information on their credit reports. Defendant then failed to

correct the disputed information within thirty days of Plaintiffs' dispute of that information.

63. As a result of the above violations of the FCRA, Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///

# THIRD CAUSE OF ACTION
# VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),
- Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and
- Any other relief that this Honorable Court deems appropriate.

# FOURTH CAUSE OF ACTION
# VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

- Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),
- Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and
- Any other relief that this Honorable Court deems appropriate.

# FIFTH CAUSE OF ACTION:
# VIOLATIONS OF CIVIL CODE §1785 ET SEQ
# (CONSUMER CREDIT REPORTING AGENCIES ACT)

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Punitive damages not to exceed $5,000.00 per violation;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

///
///
///
///

## SIXTH CAUSE OF ACTION
## VIOLATIONS OF 15 U.S.C. §1681 ET SEQ
## (FAIR CREDIT REPORTING ACT)

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

    A.    Actual damages;

    B.    Punitive damages not to exceed $5,000.00 per violation;

    C.    Costs and reasonable attorney's fees; and

    D.    For such other and further relief as may be just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Respectfully submitted this 21st of September, 2018

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiffs